IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-84-D

| | | |
|---|---|---|
| JAMES JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MCNUTT SERVICE GROUP, INC., and | ) | |
| SHEER COMFORT HEATING & AIR, | ) | |
| | ) | |
| Defendants. | ) | |

On March 9, 2010, James Jones ("plaintiff" or "Jones") filed suit against McNutt Service Group and Sheer Comfort Heating and Air. Jones, who is appearing pro se, alleges that each defendant employed him and committed race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17. On May 3, 2010, McNutt Service Group filed a motion to dismiss for failure to state a claim upon which relief can be granted [D.E. 9]. On May 6, 2010, Sheer Comfort Heating and Air filed a motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted [D.E. 14]. Jones did not respond to the motions to dismiss.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Ashcroft, 129 S. Ct. at 1949–50; Nemet

Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Ashcroft, 129 S. Ct. at 1949–50. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

The court construes the allegations in Jones' pro se complaint liberally. See, e.g., Erickson, 551 U.S. at 94. However, "[w]hile pro se complaints may represent the work of an untutored hand requiring special judicial solicitude, a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) (quotations omitted).

McNutt Service Group argues that Jones' Title VII claim is time-barred because he filed his charge with the Equal Employment Opportunity Commission ("EEOC") more than 180 days after the alleged race discrimination. See 42 U.S.C. § 2000e-5(e)(1). Notably, Jones attached to his complaint both his EEOC charge against McNutt Service Group [D.E. 1-2, p. 7] and the EEOC's dismissal [D.E. 1-2, p. 18]. The EEOC dismissed the charge as untimely [D.E. 1-2, p. 18].

Plaintiff's complaint (including the attachments) demonstrates that he filed his EEOC charge against McNutt Service Group on October 31, 2009, but the last act of alleged race discrimination occurred on March 25, 2009 [D.E. 1-2, p. 7]. As such, the EEOC charge was untimely under 42 U.S.C. § 2000e-5(e)(1). See, e.g., Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618, 623–24 (2007), superseded by statute on other grounds, Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5; Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114–15, 122 (2002); Williams v. Giant Food Inc., 370 F.3d 423, 428 (4th Cir. 2004); Bratcher v. Phar. Prod. Dev., Inc., 545 F. Supp. 2d 533, 539–43 (E.D.N.C. 2008). Thus, the court grants McNutt Service Group's motion to dismiss.

As for Sheer Comfort Heating and Air, Jones also attached his EEOC charge [D.E. 1–3, p. 10] and the EEOC's dismissal [D.E. 1–3, p. 3] to his complaint. The information that Jones attached to his complaint demonstrates that Sheer Comfort Heating and Air is not an "employer" as defined by Title VII. See 42 U.S.C. § 2000e(b) (defining "employer" under Title VII to include those entities having "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year"). Although Sheer Comfort Heating and Air argues that its failure to meet the employee-numerosity requirement in 42 U.S.C. § 2000e(b) means that this court lacks subject-matter jurisdiction over plaintiff's Title VII claim, Title VII's employee-numerosity requirement is not jurisdictional. Arbaugh v. Y & H Corp., 546 U.S. 500, 510–16 (2006). Nonetheless, because Sheer Comfort Heating and Air lacks sufficient employees to meet Title VII's definition of "employer," Jones has failed to state a claim upon which relief can be granted. See id. Accordingly, the court grants Sheer Comfort Heating and Air's motion to dismiss for failure to state a claim upon which relief can be granted.

As explained above, plaintiff has failed to state a claim upon which relief can be granted against either defendant. Thus, the court GRANTS McNutt Service Group's motion to dismiss [D.E. 9] and GRANTS Sheer Comfort Heating and Air's motion to dismiss [D.E. 14].

SO ORDERED. This 23 day of July 2010.

JAMES C. DEVER III
United States District Judge